—Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered January 17, 2012, which granted plaintiffs motion to vacate an order, same court and Justice, entered November 9, 2011, on default, granting defendant’s motion for summary judgment dismissing the complaint, and thereupon granted defendant’s motion on the merits, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 30, 2012, which, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.
Plaintiff, a Metropolitan Transportation Authority (MTA) police officer, brought this action against the MTA pursuant to the Federal Employers’ Liability Act (45 USC §51 et seq.), alleging that he was injured, as a result of the MTA’s negligence, while responding to a report of an assault in progress at the Fordham Station of the Metro-North Railroad. His vehicle, with emergency lights and siren engaged, was struck by another vehicle that failed to yield the right of way.
There is no reasonable basis for finding that there was any negligence on the MTA’s part that contributed to plaintiffs injuries (see e.g. Murphy v Metropolitan Transp. Auth., 548 F Supp 2d 29, 39-40 [SD NY 2008]). The MTA’s police department manual identifies an assault in progress as a “Code 3” emergency, and plaintiff concedes that “Code 3” was the proper designation. The fact that the New York Police Department, which was also summoned to the scene, maintained a precinct in closer proximity to the scene of the assault than the station from which plaintiff was dispatched is not evidence of negligence on the MTA’s part.
*409 We have considered the parties’ remaining arguments and find them unavailing.
Concur—Mazzarelli, J.E, Moskowitz, DeGrasse, Feinman and Clark, JJ.